# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2022

Lyle W. Cayce
Clerk

No. 20-61223
Summary Calendar

Jose German Hernandez Zepeda,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 877 458

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Jose German Hernandez-Zepeda, a native and citizen of Honduras, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial of his applications for asylum and withholding of removal.  Hernandez-Zepeda argues that the BIA erred by

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing his appeal, contending that he established that he suffered past persecution and that he has a well-founded fear of future persecution based on his membership in a particular social group comprised of men who are believed to be in an adulterous relationship.

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's decision that Hernandez-Zepeda failed to show that he suffered past persecution. *See id.* The harm suffered by Hernandez-Zepeda, which consisted of an altercation involving a single punch to the chest and the brandishing of a gun as well as numerous threats, does not rise to the level of past persecution. *See Majd v. Gonzales*, 446 F.3d 590, 596 (5th Cir. 2006); *see also Thuri v. Ashcroft,* 380 F.3d 788, 792-93 (5th Cir. 2004). Additionally, because the harm was motivated by purely personal reasons, substantial evidence supports the BIA's finding that he failed to establish a nexus between the harm and a protected ground. *See Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004). That finding was fatal to his asylum and withholding of removal claims. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Therefore, the BIA was not required to address the cognizability of Hernandez-Zepeda's proposed particular social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because Hernandez-Zepeda failed to satisfy the asylum standard, he cannot meet the more stringent standard for withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

The petition for review is DENIED.